UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE,

    Plaintiff,

v.                                                   Case No.  2:15-cv-140
                                                     HON.  GORDON J. QUIST

UNKNOWN LARSON, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        Plaintiff Anthony Lamont Moore, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of the First Amendment and the Eighth Amendments.  Plaintiff alleges that Defendant Carla Davis violated his rights when she issued a misconduct ticket charging Plaintiff with fighting inmate Allen Thompson after Defendant Davis refused Plaintiff's request for protection from inmate Allen Thompson earlier in the day.  Defendant Davis filed a motion for summary judgment and qualified immunity.  ECF No. 25.  Plaintiff has filed a response.  ECF No. 30.

        Plaintiff alleges that on August 26, 2013, while confined at the Chippewa Correctional Facility (URF), he told Defendant Davis about the problems that he was having with inmate Allen Thompson, and that he feared for his safety.  Defendant Davis replied that it could not be serious because Plaintiff did not look hurt and stated, "let me know when you're hurt, and maybe I will do something."  Plaintiff told her that he would file a grievance and Defendant Davis stated, "That's all you do anyways, file f**king grievances on everybody, and I don't care about your little problem, deal with it."

Just over one hour later, Plaintiff decided that it was a good idea to speak with inmate Thompson in the restroom, outside of the presence of other prisoners, so that they could talk out their problem. Plaintiff alleges that Thompson attacked him and the two engaged in a fight. Defendant Davis entered the restroom, but Plaintiff said nothing for fear of being considered a snitch. Defendant Davis separated the two prisoners and Plaintiff told her that he had tried to warn her, but she ignored his concern. Plaintiff was issued a misconduct for fighting. Plaintiff admitted to fighting, but stated that he was not fighting inmate Thompson. Plaintiff was found guilty of the fighting misconduct ticket after a hearing. The Misconduct Report states: "I directly observed inmate Moore #255379 and inmate Thompson #692138 in the 2 side bathroom [striking] each other with closed fist in the head and body repeatedly. I order[ed] both inmates to stop fighting and they complied with my order." ECF No. 26-2, PageID.177.

The Class I Misconduct Hearing Report indicates that Plaintiff pleaded guilty to the misconduct of fighting:

> EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUT REPORT
>
> The prisoner is present and the misconduct report is reviewed with him along with his statement, Misconduct Screening Form and prisoner Thompson's Misconduct Report and statement. Prisoner Moore admits his guilt but states that he was fighting with another prisoner not Thompson. Prisoner has nothing further to add. No further evidence is requested or is needed. Prisoner is informed of the findings, sanctions and sanction dates and told that he will receive the report later today.
>
> REASONS FOR FINDINGS
>
> Based on the uncontested facts, Prisoner Moore was exchanging closed fist punches with another prisoner on 8-26-13 at 1655 hours. I find that this was a physical confrontation that was done with the intent to injure

> as that is the likely result when you hit a person with a closed fist. Prisoner Moore admits his guilt. The Officer is clear and factual in his statement and is found to be credible. The charge is upheld.

ECF No. 26-2, PageID.176.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that he was issued misconduct tickets in retaliation for his grievance submissions or threat to submit a grievance against Defendant Davis. Retaliation based upon a

3

prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

A prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action). Plaintiff was found guilty of the Class I misconduct of fighting. In fact, Plaintiff admitted at the misconduct that he was guilty of the charge. With regard to the causation element of a retaliation claim, "the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). A hearing officer's "finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2006), *quoting Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995); *see also Ruiz v. Bouchard*, 60 Fed. Appx. 572, 574 (6th Cir. 2003) ("... to the extent that Ruiz has asserted a pure retaliation claim, Ruiz still has not stated a claim because he was convicted of the misconduct charges"); *Clemons v. Cook*, 52 Fed. Appx. 762, 763 (6th Cir. 2002); *Burton v. Rowley*, 2000 WL 1679463 (6th Cir. 2000); *Wilson v. Phipps*, 1998 WL 384560, at *1 (6th Cir. 1998), *citing Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam).

In the opinion of the undersigned, Plaintiff cannot show that his misconduct ticket was retaliatory because he was found guilty of fighting and admitted that he was guilty at the misconduct hearing. The misconduct finding bars Plaintiff from asserting that the misconduct ticket was a retaliatory act.

Plaintiff argues that his retaliation claim is not based upon the issuance of a misconduct ticket, but relates to Defendant's refusal to provide him protection when he requested protection from inmate Thompson. Plaintiff has alleged that Defendant denied his request for protection, because he had previously submitted grievances. Defendant has not addressed that claim. Plaintiff indicates that he is not asserting that the issuance of the misconduct ticket for fighting was retaliatory. Rather, Plaintiff claims that Defendant Davis ignored his requests for protection from inmate Thompson in order to retaliate for his grievance submissions. In the opinion of the undersigned, a question of fact exists regarding Plaintiff's claim that Defendant refused to provide him protection or consider his request for protection in retaliation for Plaintiff's past grievances.

Defendant argues that she is not liable for failing to protect Plaintiff because the alleged assault was an isolated incident that she could not have foreseen. Under the Eighth Amendment, a prison official has a duty to protect an inmate from violence caused by other prisoners. *Wilson v. Sieter*, 501 U.S. 294, 303 (1991); *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *Roland v. Johnson*, 856 F.2d 764 (6th Cir. 1988); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted). Recognizing that a prison official has an obligation to protect an inmate from assault by another inmate, the Supreme Court defined deliberate indifference

5

as requiring a showing that the prison official consciously disregarded a substantial risk of serious harm to plaintiff. *Id.* at 839. The court stated:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment.

*Id.* at 837. Thus, in order to support a claim that a prison official failed to protect plaintiff, two conditions must be satisfied: (1) the inmate must show that a substantial risk of harm was present and (2) that the defendants, having knowledge of that risk, possessed a culpable state of mind. *Id.*

In order to support an Eighth Amendment claim, plaintiff must establish "something more than a lack of ordinary due care, inadvertence, or error; the conduct must instead be 'obdurate' or 'wanton'--exhibiting recklessness or callous neglect." *Id.* at 165. *See also Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988). An error of judgment does not subject a prison official to liability. *Jeffers v. Heavrin*, 10 F.3d 380, 381 (6th Cir. 1993) (errors of judgment are shielded by qualified immunity); *Marsh v. Arn*, 937 F.2d at 1069.

In *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1982), the Sixth Circuit affirmed the dismissal of a prisoner's complaint that prison officials failed to protect him. In that case, prison officials transferred plaintiff for a period of six months to another prison cell after plaintiff informed the officials that he feared for his safety. Plaintiff was then transferred back to his original cell. Plaintiff informed his counselor that he feared for his safety, because he heard rumors regarding a planned attack. Plaintiff

6

was subsequently assaulted.  The court found that defendants were not deliberately indifferent to a known risk of harm to plaintiff, and upheld the district court's finding that the assault was a single, isolated incident.  The district court judge indicated that a full hearing would be appropriate if no action had been taken to protect the plaintiff.  Plaintiff, however, was transferred to another unit after his initial complaints.  Following plaintiff's transfer back to the original unit, he then made only general allegations that someone was going to hit him on the head.  The court concluded that defendants, at most, were guilty of mere negligence and dismissed the claim.

In the opinion of the undersigned, a question of fact exists whether Defendant Davis acted with deliberate indifference to Plaintiffs' safety by ignoring his request for protection from inmate Thompson.  Defendant Davis states that she could not have foreseen that Defendant Thompson and Plaintiff would engage in a fight just over an hour after Plaintiff informed her that he was having problems with Defendant Thompson.  Assuming that Plaintiff asked Defendant Davis for protection from inmate Thompson, it is apparent that Defendant Davis ignored his request and did nothing to provide Plaintiff protection from the alleged threat.  The fact that Plaintiff entered the restroom to "talk" to Defendant Thompson soon after he allegedly requested protection certainly weakens his case, but that has nothing to do with the allegation that his request for protection was denied by Defendant Davis.  In the opinion of the undersigned, Defendant has not met her burden of showing that she is entitled to summary judgment on facts of this case.

Alternatively, Defendant argues that she is entitled to qualified immunity because Plaintiff did not suffer a violation of his constitutional rights.  "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Phillips v. Roane County*, 534

F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

A qualified immunity analysis involves two parts which include consideration of the clarity of the law at the time of the alleged violation to determine whether the asserted right was clearly established and consideration of the specific factual circumstances known by the officer to determine whether a reasonable officer could have known that their conduct violates that right. *Smith v. City of Wyoming*, 1:13-cv-915, slip op. (6th Cir., May 18, 2016). Thus, the Court must consider "the plaintiff's asserted right with specificity, and focus on the particular facts known to the officer at the time." *Id*. at slip op. 9. "The relevant inquiry is whether existing precedent placed the conclusion" that the defendant violated the plaintiff's rights "in these circumstances 'beyond debate.'" *Mullenix v. Luna*, 36 S.Ct. 305, 309 (2015), citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In the opinion of the undersigned, a question of fact exists whether Defendant retaliated against Plaintiff by refusing to consider his request for protection. In addition, a question of fact exists as to whether Defendant acted with deliberate indifference towards Plaintiff's request for protection or for help in dealing with the alleged threat to his safety from inmate Thompson.

In summary, it is recommended that Defendant's motion for summary judgment (ECF No. 25) be granted in part and denied in part. It is recommended that Plaintiff's retaliation claim based

8

on an allegation that he received a false misconduct ticket for fighting be dismissed. It is further recommended that Plaintiff's retaliation claim asserting that Defendant denied his request for protection should remain in this case, as should Plaintiff's Eighth Amendment claim asserting a failure to protect.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   October 25, 2016                        */s/ Timothy P. Greeley*
                                                 TIMOTHY P. GREELEY
                                                 UNITED STATES MAGISTRATE JUDGE