UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE,

 Plaintiff,

v.               Case No. 2:15-CV-140

UNKNOWN LARSON, ET AL.,      HON. GORDON J. QUIST

 Defendant.

            /

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 26, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court (1) grant summary judgment as to Plaintiff's retaliation claim based on Plaintiff's allegedly receiving a false misconduct ticket for fighting; (2) deny summary judgment as to Plaintiff's retaliation claim based on a denial of requested protection; and (3) deny summary judgment as to Plaintiff's Eighth Amendment claim asserting a failure to protect. (ECF No. 34.) Plaintiff filed an objection to the R & R, arguing that Magistrate Judge Greeley erred in recommending summary judgment as to Plaintiff's first retaliation claim. (ECF No. 35.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), After conducting a de novo review of the R & R, Defendant's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff Anthony Moore alleges that Defendant Corrections Officer Carla Davis violated his First and Eighth Amendment Rights by failing to protect Plaintiff from another inmate, Allen

Thompson.  In August of 2013, Plaintiff told Defendant that Plaintiff feared for his safety because he had been threatened by Thompson.  Defendant responded that she would not help Plaintiff because Plaintiff did not appear to be injured and that Plaintiff should "let [Defendant] know when [Plaintiff is] hurt, and maybe [Defendant] will do something."  Plaintiff told Defendant that he would file a grievance and Defendant replied, "that's all you do anyway, file fucking grievances on everybody, and I don't care about your little problem, deal with it."  (ECF No. 1 at PageID.8.)

Approximately an hour later, Thompson asked Plaintiff to come to the bathroom so they could discuss their differences outside of the presence of other prisoners.  Plaintiff voluntarily went into the bathroom with Thompson, and Plaintiff alleges that Thompson attacked him. Defendant entered the restroom and separated the two prisoners.  Plaintiff was issued a misconduct for fighting and found guilty after a hearing.  The hearing report included a note from Defendant that stated "I directly observed [Plaintiff] and inmate Thompson … [striking] each other with closed fist in the head and body repeatedly."  (ECF No. 26-2 at PageID.177.) The report also indicated that Plaintiff admitted his guilt for fighting.  (*Id.*)

Plaintiff filed a complaint alleging that Defendant (1) retaliated against Plaintiff's threat to file a grievance by failing to protect him from Thompson, (2) retaliated against Plaintiff by "writ[ing] a falsified class one misconduct that stated Plaintiff was fighting Mr. Thompson, which in fact Plaintiff was assaulted," and (3) violated the Eighth Amendment by failing to protect him from Thompson.  (ECF No. 1 at PageID.15.)  Plaintiff also alleged that the misconduct hearing officer, an investigator, and the grievance coordinator retaliated against Plaintiff by framing him during the misconduct hearing.

Defendant moved for summary judgment as to all counts.  As to the retaliation arising out of the falsified misconduct, Defendant argued that the "checkmate rule" entitles her to

summary judgment because a "finding of guilt at a misconduct hearing based on a violation of prison rules" defeats the causation element of a retaliation claim. *Jackson v. Madery*, 158 F. App'x. 656, 662 62 (6th Cir. 2006).

Magistrate Judge Greeley recommended summary judgment as to the retaliation claim because Plaintiff "was found guilty of fighting and admitted that he was guilty at the misconduct hearing." (ECF No. 34 at PageID.261.)  The R&R recommended denial of summary judgment as to the other two counts. (ECF No 34 at PageID.264-65.)  Plaintiff objected, and argues that "the preclusive effect is not 'a blanket blessing on every factual finding in a major misconduct hearing.'" (ECF No. 35 at PageID.267)  (quoting *Roberson v. Torres*, 770 F.3d 398, 404 (6th Cir. 2014)).

*Peterson v. Johnson*, 714 F.3d 905, 912 (6th Cir. 2013) and *Roberson* make it clear that preclusion must be based upon a multi-factor analysis.

> The question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so-not just in theory, but in practice.  It likewise turns on the court's "sense of justice and equity," which may require a case-by-case analysis of surrounding circumstances.

*Id*. at 404–05 (quoting *Blonder–Tongue Labs. v. Univ. of Ill. Found*., 402 U.S. 313, 334, 91 S. Ct. 1434 (1971)).  In the instant case, however, the matter heard by the hearing officer involved a fight between Plaintiff and his nemesis, Thompson. That is the offense to which Plaintiff pled guilty, not some theoretical fight with someone else.

Therefore,

It is **ORDERED** that Plaintiff's objection is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 25) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted as to Plaintiff's retaliation claim based on the false misconduct, and denied as to Plaintiff's Eighth Amendment claim and Plaintiff's retaliation claim based on failure to protect.


Dated: December 27, 2016                                             /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE