UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE,

    Plaintiff,

v.                                           Case No. 2:15-cv-140
                                              HON.  GORDON J. QUIST

UNKNOWN LARSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed "The Plaintiff's Motion for an Injunction" (ECF No. 79).  Plaintiff requests that the Court order non-Defendant Michigan Department of Corrections to remove all information from Plaintiff's institutional file concerning grievances and lawsuits.  Plaintiff argues that this information is the reason that he is being denied programing and work assignments at the Marquette Branch Prison.  Trial is scheduled for February 5, 2018.  The remaining claims are that Defendant Correctional Officer Davis retaliated against Plaintiff by writing a false misconduct ticket and by failing to protect Plaintiff from an inmate assault.

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

    1.  Whether the movant has shown a strong or substantial
    likelihood or probability of success on the merits.
    2.  Whether the movant has shown irreparable injury.

    3.  Whether the preliminary injunction could harm third parties.

    4.  Whether the public interest would be served by issuing a
    preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert*. *denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendant Davis violated Plaintiff's federal rights.  Moreover, Plaintiff requests that the Court order a non-Defendant to remove information from Plaintiff's institutional file.  The Court does not have jurisdiction in this matter over the MDOC and the removal of information from Plaintiff's institutional file has nothing to do with the subject matter of this case or the alleged conduct asserted against Defendant Davis.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an

injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for injunctive relief (ECF No. 79) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: December 28, 2017           */s/ Timothy P. Greeley*
                                    TIMOTHY P. GREELEY
                                    UNITED STATES MAGISTRATE JUDGE