UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANTHONY LAMONT MOORE #255379,

    Plaintiff,

v.                                    Case No. 2:15-CV-140

CARLA DAVIS,                     HON. GORDON J. QUIST

    Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### JURISDICTION

Plaintiff, Anthony Lamont Moore, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC), sued Defendant, Carla Davis—a Corrections Officer with the MDOC—alleging that she violated his rights under the First and Eighth Amendments to the United States Constitution. In particular, Moore alleged that Davis was deliberately indifferent to Moore's safety by ignoring his request for protection from another inmate and that Davis ignored Moore's request for protection in retaliation for Moore's prior grievance activity.

Moore brings his claims pursuant to 42 U.S.C. § 1983, and the Court has jurisdiction over Moore's claims pursuant to 28 U.S.C. § 1331. Moore's claims were tried to the Court on June 18, 2018. The Court heard testimony from Moore, Davis, and Alan Thompson and received exhibits.

The Court now issues its findings of fact and conclusions of law.

### FINDINGS OF FACT

On August 26, 2013, Moore was confined at the Chippewa Correctional Facility. That afternoon, prior to count time, Moore, and Moore's friend, inmate Alan Thompson, were playing

dominoes. During the game, Thompson and Moore exchanged words after Thompson got Moore out of the game. Thompson, believing that Moore had an attitude toward Thompson, became agitated and threatened Moore.

Shortly thereafter and immediately prior to count time, Moore told Davis that he was having problems with Thompson and that he, Moore, feared for his safety. Davis told Moore that it could not be serious because Moore did not look hurt and that Moore should let her know when he was hurt. Moore responded that he would file a grievance on Davis. Davis told Moore to go back to his cell.[1]

Davis went back to his cell for count. Thompson, who "bunked" right across from Moore, was in his cell. About an hour later, Thompson called Moore into the bathroom to speak about their problem. Moore went into the bathroom where Thompson and Moore engaged in a fight. At that point Davis responded to the commotion in the bathroom and found Thompson and Moore flailing at each other. Davis instructed both prisoners to stop fighting, and they did so. Moore showed no injuries or bleeding from the altercation. Davis wrote misconduct reports on both Moore and Thompson.

Following an investigation and a hearing on the misconduct, Moore and Thompson both pled guilty to fighting. The hearing officer upheld Moore's misconduct charge.

## CONCLUSIONS OF LAW

As noted, Moore alleges a First Amendment retaliation claim and a claim of deliberate indifference under the Eighth Amendment.

---

[1] The Court notes that Davis's trial testimony contradicted her response to Plaintiff's Requests for Admissions. Responding to Moore's Request No. 1, Davis denied that Moore approached her and stated that he was having problems with Thompson and feared for his safety. At trial, Davis said that when Moore approached her about Thompson, she offered him the option of locking up (presumably in administrative segregation) or speaking to her supervisor. Regardless of whether Davis reviewed the responses her counsel prepared, the answer is nonetheless binding on her. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 394 (6th Cir. 2007) (noting that admissions of fact by counsel are generally treated as binding).

*Retaliation*

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to establish a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healty City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977)).

Initially, the Court notes that Moore's retaliation claim appears to have two aspects. First, Moore alleges that Davis ignored his request for protection from inmate Thompson as retaliation for Moore's prior grievances. Second, Moore appears to argue that Davis issued the misconduct ticket to Moore as retaliation.

As for the failure-to-protect retaliation claim:

- Davis did not act out of retaliation for Moore's prior grievance filings or his threat to file a grievance. Moore's own version of Davis's response shows that Davis simply brushed off Moore's request for protection based on her assessment that Moore's problem with Thompson was not serious. Davis's statement about Moore's grievance activity following Moore's threat to file a grievance does not show that Davis acted, or more precisely, failed to act, out of retaliatory motive.

- As for retaliation based on a fabricated misconduct ticket, Davis did not purposefully write a false and retaliatory misconduct ticket. Finally, beyond writing the misconduct ticket, there is no evidence that Davis influenced, or had any input into, the hearing officer's finding of guilt.

Therefore, Moore failed to prove his retaliation claims.

### *Eighth Amendment*

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence by other prisoners and to "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S. Ct. 3194, 3200 (1984). However, prison officials are not liable for every injury that a prisoner suffers at the hands of another prisoner. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). To establish liability, a plaintiff must satisfy two conditions: (1) that the alleged deprivation was "sufficiently serious," *id.* (internal quotation marks omitted); and (2) the prison official had "a sufficiently culpable state of mind." *Id.* (internal quotation marks omitted). As for the second requirement, the plaintiff must show that the defendant consciously disregarded a known risk of substantial harm—"the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979; *see also Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990) (concluding that the jury could have concluded the defendants' failure to prevent the decedent's stabbing death, in spite of their opportunities to intervene, constituted deliberate indifference). Finally, the plaintiff must show that the defendant's deliberate indifference proximately caused the plaintiff's injuries. *Doe v. Sullivan Cnty.*, 956 F.2d 545, 550 (6th Cir. 1992).

Moore established both requirements of his Eighth Amendment claim:

- Moore told Davis that he was having a problem with inmate Thompson and that he feared for his safety. Moore also requested protection from Thompson, but Davis did not offer any protection.

- The fact that Moore entered the restroom with Thompson does not undermine Moore's claim that he feared for his safety or that he faced a substantial risk of harm. Davis's response left Moore with few options. As for the second requirement, a culpable state of mind, Moore notified Davis of the situation with Thompson but she brushed it off. Davis cannot claim that she could not have foreseen that Moore might put himself in danger by attempting to directly make amends with Thompson.

4

*Damages*

Moore suffered no injury from the fight—*e.g.*, he was not bleeding or bruised. He did not seek or receive any medical attention. Furthermore, Moore did not make a specific request for damages. The Court finds that an award of $250 suffices to compensate Moore for Davis's deliberate indifference. The Court declines to consider punitive damages as Moore failed to present adequate grounds for such an award.

## CONCLUSION

In sum, Moore failed to prove his First Amendment retaliation claim. Moore proved that Davis violated his rights under the Eighth Amendment, for which the Court will award damages of $250.

A separate judgment will enter.


Dated: June 21, 2018                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE